*Jonathan Silver*

*Attorney at Law*

—

*of Counsel*
*Stephen J. Fein*
*Jennifer Beinert*
*Paul C. Kerson*

*Crossroad Tower*
*80-02 Kew Gardens Road, Suite #316, Kew Gardens, N.Y. 11415*
*(718) 520-1010*
*Fax No. (718) 575-9842*
*juanplata@aol.com*

# MEMO ENDORSED

By e-filing and by overnight delivery

November 12, 2019

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  11/13/19
```

Hon. Barbara C. Moses
U.S. District Court
Southern District of New York
40 Foley Square
New York New York 10007
Fed Ex 8152 5113 7012

      Re:    <u>Bautista v. Venture 2275 LLC et al</u>
              SDNY 19 CV 0916

Dear Judge Moses:

      I am writing as attorney for the defendants in the above action and make this letter motion to seek a protective order and/or to quash a subpoena served by plaintiff upon Chandra Nisthalal.

      Chandra Nisthahal is a member of and the designated Managing Member under the Operating Agreement of the defendant corporation, a limited liability corporation.

      Defendant served what it improperly designated to be a "non-party" subpoena upon her with Schedule "A" attached listing the subjects upon which she will be questioned. She is directed to appear on November 15, 2019. See Attachment 1

      By Order of this Court (Docket 43), defendant ANDY NISTHALAL will be deposed on behalf of himself and the corporate defendant and the parties have arranged that to take place on November 18, 2019.

ANDY NISTHALAL has been designated under FRCP Rule 30(b)(6) as the witness to be produced by the corporate defendant which makes perfect sense as he is the person who knows the day to day operation and the relevant information concerning the plaintiff's employment, wages, activities etc.

Plaintiff's counsel by serving this subpoena on a member of the defendant corporation, not designated to appear, is attempting to circumvent the directives already issued by this Court and seeking to obtain a second deposition of a member of the corporate defendant without foundation or basis.

The subpoena should be quashed and a protective order issued.

Prior to making this application opposing counsel was requested to withdraw his request but he has refused to agree to do so.

Respectfully Submitted

JONATHAN SILVER

JS/eb
attachment

---

Application DENIED. Despite having been served with plaintiff's deposition subpoena to Chandra Nisthalal (the Subpoena) (Dkt. No. 46-1 at ECF pages 3-6) on October 28, 2019, defendants waited until November 12, 2019 - three days before the November 15, 2019 date listed for compliance - to move to quash. Moreover, because the Subpoena names Ms. Nisthalal (not defendant Venture 2275 LLC) as the witness, the asserted fact that she is a managing member of that LLC is irrelevant to the propriety of the testimony sought. A party may depose "any person," without leave of the court, *see* Fed. R. Civ. P. 30(a)(1), provided that *inter alia*, the witness has personal knowledge of "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Defendants make no showing that Ms. Nisthalal lacks relevant personal knowledge, nor that her deposition is disproportionate to the needs of the case.

The Court notes, however, that because the Subpoena is addressed to Ms. Nisthalal, not the LLC, Schedule A thereto (which appears to designate a list of deposition topics) does not require her to learn, or testify about, information beyond her personal knowledge. *Cf.* Fed. R. Civ. P. 30(b)(6) (witnesses designated on behalf of an organizational party must "testify about information known or reasonably available to the organization"). SO ORDERED.

Barbara Moses, U.S.M.J., November 13, 2019