USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/18/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANCISCO BAUTISTA,

        Plaintiff,

-against-

VENTURE 2275 LLC, et al.,

        Defendants.

19-CV-916 (AJN) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons stated on the record during the November 18, 2019 telephonic discovery conference, it is hereby ORDERED that:

1. <u>Deposition Objections</u>. During the remainder of the deposition of defendant Anthony (Andy) Nisthalal, defendants' counsel shall limit his objections to the word "objection," followed by no more than three words explaining the nature of that objection (*e.g.*, "Objection, relevance," or "Objection, compound question"). When defendants' counsel states an objection consistent with this Order, plaintiff's counsel shall not engage in colloquy or argument with defendants' counsel. Instead, he may either withdraw the question, rephrase it, or request that the deponent answer the pending question.

2. <u>Deposition Instructions</u>. During the deposition, defendants' counsel may instruct the deponent not to answer "only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2); *see also Severstal Wheeling Inc. v. WPN Corp.*, 2012 WL 1982132, at *2 (S.D.N.Y. May 30, 2012) ("it is hardly ever appropriate to instruct a witness not to answer on the ground of relevance"). If counsel instructs the deponent not to answer in order to preserve a privilege, he

must identify the privilege (*e.g.*, "I instruct the witness not to answer to preserve the attorney-client privilege") and permit the examining attorney to ask questions concerning the foundation of the privilege claim. If counsel instructs the deponent not to answer in order to present a motion under Rule 30(d)(3), he must promptly make that motion. *See id.* at *2 ("Kaplan should have either sought a ruling to terminate the deposition or obtained opposing counsel's agreement to defer such an application until the conclusion of whatever questions remained to be asked in the deposition. Kaplan was not free simply to pepper the proceeding with interruptions and directions not to answer.") (citation and internal quotation marks omitted).

3. <u>Chandra Nisthalal Deposition</u>. The parties shall meet and confer in good faith to reschedule the deposition of Chandra Nisthalal on or before November 29, 2019. Counsel shall conduct that deposition in accordance with the directions set forth above.

Dated: New York, New York
      November 18, 2019         **SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**