

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANCISCO BAUTISTA,

          Plaintiff,

-against-

VENTURE 2275 LLC, et al.,

          Defendants.

19-CV-916 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge**.

      The Court has received and reviewed plaintiff's letter dated July 20, 2020 (Pl. Ltr.) (Dkt. No. 78), joined by defendants, seeking approval of the parties' Settlement Agreement (Agreement) (Dkt. No. 78-1) pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The Agreement requires defendants Venture 2275 LLC and Andy Nisthalal (sued herein as Anthony Nisthalal) to pay $57,500.00 to settle this action. Ag. ¶ 1. Of that sum, the parties have agreed that $25,857.17 will go to plaintiffs' attorneys for their fees and expenses, leaving $31,642.84 for plaintiff Bautista, in full settlement of his claims under the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL). *Id*. ¶ 1 (a)-(c); *see also* Pl. Ltr. at 4.

      The Agreement includes a mutual general release, Ag. ¶ 3, which the Court finds fair and reasonable, particularly given that plaintiff Bautista is no longer employed by defendants. *See, e.g., Plizga v. Little Poland Rest. Inc.*, 2016 WL 9307474, at *6 (S.D.N.Y. July 18, 2016) (Moses, M.J.); *Cionca v. Interactive Realty, LLC*, 2016 WL 3440554, at *4 (S.D.N.Y. June 10, 2016) (Moses, M.J.). There is no confidentiality clause or other contractual restriction on any party's ability to speak about the case or its settlement.

      The overall settlement consideration is also fair and reasonable in light of the significant fact issues remaining to be tried, including plaintiff's actual work hours, which are hotly contested.

Resolution of this question would require the finder of fact to make difficult credibility determinations, and could result in a finding that some or all of the parties and party-affiliated witnesses were untruthful at deposition. Both sides thus face substantial litigation risk in the absence of a settlement.

However, I cannot approve the combined fee and expense award of $25,857.17, which is almost 45% of the total settlement amount. The parties' intent concerning fees and expenses – as revealed by their joint letter – is to allow plaintiff's counsel a fee of 1/3 of the gross recovery, which equates to $19,166.67, plus reimbursement of their out of pocket expenses in the amount of $6,690.50, all "[u]nder the retainer agreement." Pl. Ltr. at 4. However, notwithstanding this Court's express direction that plaintiff support "[a]ny proposed award of fees and costs" with "copies of counsel's contingency fee agreement (if any) and time and expense records, properly authenticated" (Dkt. No. 73, at 2), plaintiff did not submit either the retainer agreement or the expense records. Plaintiff did submit counsel's time records, which show a lodestar of $23,470.00. (Dkt. No. 78-2.)

I agree with the parties that there is nothing objectionable or unfair about "the standard one third which is requested here" as a fee award. Pl. Ltr. at 4. The requested fee is consistent with awards commonly approved in this district, *see*, *e.g.*, *Deran v. Antalia Turkish Cuisine LLC*, 2020 WL 3414890, at *2 (S.D.N.Y. June 22, 2020); *Bondi v. DeFalco*, 2020 WL 2476006, at *7 (S.D.N.Y. May 13, 2020); *Khan v. Dunwoodie Gas Station, Inc.*, 2020 WL 1166180, at *5 (S.D.N.Y. Mar. 10, 2020), and is well within counsel's lodestar. Moreover, counsel obtained a reasonable result for their client notwithstanding stiff evidentiary and credibility challenges. *See Fisher v. SD Prot. Inc.*, 948 F.3d 593, 606 (2d Cir. 2020) (quoting *Farrar v. Hobby*, 506 U.S. 103, 114 (1992)) ("[T]he most critical factor in determining the reasonableness of a fee award is the

degree of success obtained.") (internal quotation marks omitted). I therefore find that the proposed fee award of $19,166.67 is fair and reasonable even in the absence of the underlying retainer agreement evidencing plaintiff's expectation of paying such a fee.

However, I cannot approve expenses amounting to another $6,690.50 based merely on a letter submitted by counsel. *See Fisher*, 948 F.3d at 601-02 (approving expenses to the extent "documented . . . in the receipts and invoices submitted by counsel"); *Blackman Plumbing Supply, Inc.*, 2020 WL 2771008, at *17 (E.D.N.Y. May 4, 2020) (recommending that no expenses beyond the filing fee be awarded where counsel "fail[ed] to provide the underlying documentation such as invoices, receipts or other documentary proof"), *report and recommendation adopted,* 2020 WL 2769266 (E.D.N.Y. May 28, 2020); *De Jesus Galindo v. BLL Rest. Grp.*, 2018 WL 1684412, at *4 (S.D.N.Y. Apr. 6, 2018) (collecting cases); *Piedra v. Ecua Rest., Inc.*, 2018 WL 1136039, at *20 (E.D.N.Y. Jan. 31, 2018) (rejecting expenses beyond filing fee because "the Court cannot simply accept at face value the other costs that plaintiff's counsel seeks, such as service of process and translator services, without additional supporting documentation for those costs"). Here, as in *Piedra*, 2018 WL 1136039, at *20, the Court takes judicial notice of the filing fee (which was $400, not $410 as claimed by plaintiff, *see* Pl. Ltr. at 4), but will not approve the additional, undocumented expense reimbursement sought. Moreover, given the clarity of the Court's direction on this point, leave to supplement the expense submission would be inappropriate.

Consequently, the application for approval of the Agreement is DENIED without prejudice to the submission of a renewed motion limiting the award of fees and expenses to $19,566.67 (1/3 of the total settlement consideration plus the $400 filing fee), with the balance going to the plaintiff

on whose behalf the suit was brought.[1] Any such renewed motion shall be filed no later than September 2, 2020, and may take the form of a letter-motion advising the Court that the parties have agreed to cap the aggregate award of fees and expenses to plaintiff's counsel at $19,556, 67.

Dated: New York, New York
      August 4, 2020

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**

---

[1] In *Fisher*, the Second Circuit clarified that a district court, presented with an FLSA settlement which incorporates an unsupportable fee or expense award "may not simply rewrite" the parties' agreement. 948 F.3d at 605. Instead, "a district court's options are to (1) accept the proposed settlement; (2) reject the proposed settlement and delay proceedings to see if a different settlement can be achieved; or (3) proceed with litigation." *Id*. at 606.