

# LAW OFFICES OF WILLIAM CAFARO

*William Cafaro, Esq.*
ADMITTED IN NY, CA, MD & TX
Email: bcafaro@cafaroesq.com

*Amit Kumar, Esq.*
*Managing Attorney*
ADMITTED IN NY & NJ
Email: akumar@cafaroesq.com

108 West 39th Street, Suite 602
New York, New York 10018
Telephone: 212.583.7400
Facsimile: 212.583.7401
www.cafaroesq.com

*Louis M. Leon, Esq.*
*Associate*
ADMITTED IN NY
Email: lleon@cafaroesq.com

*Andrew S. Buzin, Esq.*
*Of Counsel*
ADMITTED IN NY, FL & DC

August 18, 2020

***Via ECF***
Hon. Barbara Moses, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

# MEMO ENDORSED

Re: Francisco Bautista v. Venture 2275 et al
Case No.: 19-cv-916 (BCM)

Your Honor:

We represent the named Plaintiff Francisco Bautista in the above-referenced case brought pursuant to, *inter alia*, the Fair Labor Standards Act ("FLSA"), against Defendants Venture 2275 and Andy Nisthalal s/h/a Anthony Nisthalal (collectively as "Defendants") (Defendants, with Plaintiffs, as the "Parties"). We submit this letter motion for reconsideration on Your Honor's Order, dated August 4, 2020, denying the parties' proposed settlement agreement.[1]

On July 28, 2020, the parties filed a filed their executed settlement agreement and joint motion for settlement approval consistent with *Cheeks v. Freeport Pancake House*, Inc., 796 F.3d 199 (2d Cir. 2015). In the motion, Plaintiff's counsel requested one third fee on the gross recovery of $57,500 which equates to **$19,166.67**, plus the out of pocket costs and disbursements of **$6,690.50** which we itemized the Court:

Although the Court found our requested fees to be fair and reasonable, it denied approval of the motion because Plaintiff's counsel failed to offer evidence supporting the expenses for which they sought reimbursement, such as the retainer agreement and billing records.

In a motion for reconsideration, the moving party must point to controlling decisions or information the Court overlooked, matters which would have altered the conclusion of the Court.

---

[1] Although we understand Local Civil Rule 6.3 normally requires this application to be made by formal motion on notice, Defendants have advised us that they do not oppose it. As our desire is to limit the expenditure of unnecessary fees and costs, we ask that the Court accept this letter motion.

*Jericho Grp. Ltd. v. Mid- Town Dev. Ltd. P'ship*, 2015 U.S. Dist. LEXIS 148330, at *6 (E.D.N.Y. Nov. 2, 2015) (quoting *Shrader v. CSX Transport, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

As an initial matter, we profusely apologize to the Court for failing to produce all relevant records concerning the reimbursement of expenses. We certainly did not do so purposely or with the intention of disregarding the Court's prior Order. The undersigned misread the Court's Order regarding the expense records and retainer agreement. As such, I mistakenly submitted the Cheeks motion in the way that I normally do, with copies of billing records reflecting counsels' lodestar and a detailed itemization of disbursements. It is now abundantly clear that this was insufficient. We have attached 10 exhibits of records for the Court to review. *See* **Exhibits 1-10**. Had the Court taken these records into account, the decision would have undoubtedly been different.

**Exhibit 1** shows the $400.00 filing fee we paid. **Exhibit 2** shows the $63.00 we paid the process server for effectuating service on the corporate Defendants through secretary of state. **Exhibit 3** shows the $50.00 we paid the process server for effectuating service on the individual Defendant. **Exhibit 4** shows the four witness checks ($40.00 each) that were cut and sent to the witnesses in connection with subpoenas we served. **Exhibit 5** shows the $370.00 we paid to the process server for effectuating service of the subpoenas. **Exhibit 6** shows the $1,814.95 we paid to the Court Reporter for the deposition of a non-party witness. **Exhibit 7** shows the $1,706.40 we paid to the Court Reporter for the deposition of a second non-party witness. **Exhibit 8** shows the $541.00 we paid to the Court Reporter for Plaintiff's deposition transcript**. Exhibit 9** shows the $1,575.15 we paid to the Court Reporter for the deposition of another non-party witness. **Exhibit 10** is a copy of the executed retainer agreement (in Spanish) and a translated copy of same.

Plaintiff's retainer agreement with our office clearly states that we are entitled to 1/3 of the gross settlement agreement, plus out of pocket expenses, which we incurred in prosecuting this action. **Exhibits 1-9** show clear proof of such expenses. We ask that, in addition to approving Plaintiff's request of 1/3 in attorneys' fees off of the gross settlement, the Court approve the following revised list of disbursements totaling **$6,600.50**:[2]

- Filing Fee                               $    400.00
- Servico (process server)                 $      63.00
- Gotham (process server)                  $      50.00
- Witness Fee #1 (subpoena)                $      40.00
- Witness Fee #2 (subpoena)                $      40.00
- Gotham (service of subpoenas)            $    370.00
- Diamond (Court reporter costs)           $1,814.95
- Diamond (Court reporter costs)           $1,706.40
- Diamond (Court reporter costs)           $    541.00
- Diamond (Court reporter costs)           $1,575.15

We note that we are requesting $90.00 less in reimbursements than before.[3] The reason for that is twofold. First, in the Cheeks Motion, we incorrectly noted that the filing fee was $410.00

---

2 To be clear, we are not requesting that Defendants' pay anything beyond what was outlined in the settlement agreement. We are simply requesting to receive 1/3 in attorneys' fees, plus expenses.

3 We ask that the $90.00 be given to Plaintiff.

instead of $400.00.  Second, we are only requesting reimbursement for two of the four witness checks associated with the third-party subpoenas, as only two people were deposed.

The disbursements we seek are materially significant to Plaintiff's counsel and well deserved.  This case was zealously litigated for almost 1.5 years.  During this time, Plaintiff's counsel invested considerable time and incurred close to $6,700 in out-of-pocket expenses. Expenses that are fully supported by our exhibits and which we are entitled to recover pursuant to the retainer agreement.

Although this matter only settled for $57,500, we strongly believe that our zealous and meticulous advocacy (not to mention the Court's dedication and resourcefulness at the settlement conference) pressured Defendants into offering an acceptable deal.  If not for the time and money both sides expended, we would likely still be litigating with no end in sight.  Despite our truly harmless mistake of not including expense records in our original motion, the fact remains that our office (a small, three-attorney practice with limited resources during the COVID-19 pandemic) has covered Plaintiff's litigation expenses since early 2019.  Under the retainer agreement, Plaintiff agreed to let us recover this money.  As such, it would be patently unfair to sanction us so severely, especially when we settled this case in good faith and consented to Your Honor's jurisdiction.

In light of the foregoing, Plaintiff's counsel requests that the Court approve the settlement as reflected in the Agreement, with the changes mentioned above.  More specifically, we request **$19,166.67** in attorney's fees, plus out-of-pocket costs and disbursements of **$6,600.50**, for a total of **$25,767.17**, with the remainder of the settlement proceeds being given to Plaintiff.

Respectfully submitted,
LAW OFFICES OF WILLIAM CAFARO

__/s/ Louis M. Leon_____
By Louis M. Leon (LL 2057)
*Attorneys for Plaintiff*
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400
LLeon@CafaroEsq.com

Application **DENIED**. The moving party (nominally plaintiff, but functionally plaintiff's counsel) cannot meet the standard for reconsideration set out in Local Civil Rule 6.3. The Court did not "overlook" the expense documentation on which plaintiff's attorneys now rely to increase their award by $6,600.50; rather, those attorneys failed to comply with a Court order (Dkt. No. 73) that twice directed them to submit those materials. The Court accepts that the omission was negligent rather than intentional. However, Rule 6.3 "is intended to ensure the finality of decisions and to prevent the practice of a losing party . . .  plugging the gaps of a lost motion with additional matters." *Anwar v. Fairfield Greenwich Ltd.*, 164 F. Supp. 3d 558, 560-61 (S.D.N.Y. 2016) (quoting *S.E.C. v. Ashbury Capital Partners*, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001)) (internal quotation marks omitted). Moreover, the Court did not "disturb the total award"; the reduction in the award to counsel "will instead be shifted to the plaintiff's recovery." *Flores v. Food Express Rego Park, Inc.*, 2016 WL 386042, at *4 (E.D.N.Y. Feb. 1, 2016) (disallowing a portion of the fees and expenses sought by the Law Offices of William Cafaro). **SO ORDERED.**

**Barbara Moses**
United States Magistrate Judge
August 19, 2020